**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**Miguel A. Ramirez,**

    **Plaintiff,**

-vs-                 Case No.  6:08-cv-20-Orl-19GJK

**Annette Gonzalez,**

    **Defendant.**

_____

# ORDER

This case comes before the Court on Plaintiff's Motion for Entry and/or Recordation of Foreign Default Judgment. (Doc. No. 1, filed Jan. 3, 2008).

Subject matter jurisdiction must be affirmatively shown in the record before considering the merits of any case. *See Sweet Pea Marine, Ltd. v. APJ Marine, Inc.,* 411 F.3d 1242, 1247 (11th Cir. 2005). "[A] federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). The party asserting federal subject matter jurisdiction bears the burden of proving its existence. *Sweet Pea Marine, Ltd.*, 411 F.3d at 1247.

Title 28 U.S.C. Section 1738 requires federal courts to give full faith and credit to valid state court judgments.  However,

> a claim based upon 28 U.S.C. § 1738 will not alone suffice to make out a case "arising under" the Constitution or laws of the United States for the purpose of asserting § 1331 federal question jurisdiction. Consequently, a fight over the enforcement of a state court judgment is not automatically entitled to a federal arena. The statute merely provides the standard to be used in evaluating any judicial acts introduced into proceedings over which the court already has jurisdiction.

*Hazen Research, Inc. v. Omega Minerals, Inc.*, 497 F.2d 151, 154 n. 1 (5th Cir. 1974) (citations omitted).[1]

Plaintiff seeks to enforce a Nevada state court judgment awarding him $2,018.00 in damages on a breach of contract claim. (Doc. No. 1, Doc. No. 1-2). There is no basis for federal question subject matter jurisdiction shown. Additionally, there is no basis for diversity subject matter jurisdiction because the amount in controversy fails to exceed the $75,000 threshold. (*Id.*)

Accordingly, Plaintiff's Motion (Doc. No. 1) is **DISMISSED** for lack of subject matter jurisdiction.

**DONE** and **ORDERED** in Chambers in Orlando, Florida on January 22, 2008.

/s/ Patricia C. Fawsett
PATRICIA C. FAWSETT, CHIEF JUDGE
UNITED STATES DISTRICT COURT

Copies furnished to:

Unrepresented Party

---

[1] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted the decisions of the United States Court of Appeals for the Fifth Circuit that were handed down prior to October 1, 1981 as binding precedent.